UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:17-CR-8-TLS-SLC<br>1:20-CV-140-TLS |
| ABRAHAM STEWART | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Abraham Stewart's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 96], filed on March 27, 2020. On July 14, 2020, The Defendant filed a motion for an extension of the deadline to file a memorandum in support of his § 2255 Motion. ECF No. 103. The Defendant asserts claims of ineffective assistance of counsel related to his plea counsel's representation. For the reasons articulated below, the Court denies both motions and declines to issue a certificate of appealability.

**BACKGROUND**

On January 29, 2017, the Defendant was indicted on a charge of knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), the Armed Career Criminal Act ("ACCA"). *See* Indictment, ECF No. 1. The Indictment states the Defendant's history of convictions:

- A February 24, 1992 conviction in Allen County, Indiana [Cause No. 02C01-9110-CF-215] for Robbery, a felony;
- A May 11, 1998 conviction in Allen County, Indiana [Cause No. 02D04-9702-CF-112] for Aggravated Battery, a felony;
- A January 7, 2002 conviction in Allen County, Indiana [Cause No. 02D04-0107-CF-317] for Unlawful Possession of a Firearm by Serious Violent Felon, Battery, and Criminal Recklessness, all felonies; and
- An April 1, 2011 conviction in Allen County, Indiana [Cause No. 02D06-1010-FB-171] for Unlawful Possession of a Firearm by Serious Violent Felon and Domestic Battery, both felonies.

*Id.* at 1–2.

The Defendant entered into a plea agreement with the United States. Order Accepting Findings and Recommendation, ECF No. 80. Under its terms, the Defendant pled guilty to the sole count of the Indictment that he possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *Id.*; *see also* Plea Agreement ¶ 8(a), ECF No. 74. On March 28, 2019, the Court sentenced the Defendant to 180 months of imprisonment. Judgment 1, ECF No. 93.

On March 27, 2020, the Defendant filed the instant motion pursuant to 28 U.S.C. § 2255, grounding his claims in theories of ineffective assistance of counsel. He specifically claims his plea counsel was ineffective for failing to inform him that: (1) three of his prior convictions were improperly relied on to support his guilty plea under 18 U.S.C. §§ 922(g)(1) and 924(e); and (2) the prior domestic battery conviction should not have counted as a predicate offense. *See* Mot. 4–5, ECF No. 96.

The Defendant did not file a memorandum of law in support of his § 2255 Motion, but instead filed two motions for an extension of time to file a memorandum of law in support of his § 2255 Motion. ECF Nos. 100, 103. The Court granted the first motion for an extension of time to file [ECF No. 101]; the second motion, filed on July 14, 2020, remains pending. On September 4, 2020, the Government filed a response opposing both the Defendant's § 2255 Motion and his motion for an extension of time [ECF No. 105], and the Defendant did not file a reply.

## ANALYSIS

Under 28 U.S.C. § 2255(a), a prisoner convicted of a federal crime may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." "Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Section 2255 motions are "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, upon preliminary consideration by the judge who received the motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Though the Defendant did not file a legal memorandum supporting his § 2255 Motion, it is clear he intends to challenge the constitutional validity of his sentence under 18 U.S.C. § 924(e) by arguing his plea counsel's ineffective assistance led him to plead guilty to violating § 924(e) even though he did not have three qualifying prior convictions to trigger a violation of that provision. *See* Mot. 4–5, ECF No. 96. A defendant claiming ineffective assistance must show that his "'counsel's performance was deficient' and 'the deficient performance prejudiced the defense.'" *Bridges v. United States*, 991 F.3d 793, 803 (7th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Defendant must show "(1) that his trial attorney's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result." *Edmond v. United States*, 899 F.3d 446, 452 (7th Cir. 2018) (citing *Strickland*, 466 U.S. at 687–96). To show that an attorney's performance fell below an objective standard of reasonableness, a defendant must identify "specific acts or omissions by his counsel" that form the basis of his ineffective assistance claim. *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013)

(citing *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009)). Further, a defendant attempting to establish that he has been prejudiced "must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bridges*, 991 F.3d at 808 (quoting *Strickland*, 466 U.S. at 694). Indeed, "[b]ald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel." *United States v. Redd*, No. 1:03-CR-53, 2007 WL 1724900, at *8 (N.D. Ind. June 11, 2007) (citing *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991)). If a defendant cannot establish one of the *Strickland* prongs, a court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The Defendant predicates each ineffective assistance argument on the ACCA, 18 U.S.C. § 924(e). Section 924(e) mandates a minimum sentence of fifteen years imprisonment for persons who have violated 18 U.S.C. § 922(g) and who have three previous convictions for violent felonies.[1] *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). The Defendant raises arguments pertaining to the residual clause and the meaning of the term "violent felony" under 18 U.S.C. § 924(e) and claims he has a juvenile offense under that was improperly counted as a predicate offense in light of 18 U.S.C. § 924(e)(2)(B). The Court examines each argument in turn.

**A.     Qualifying Predicate Convictions Under 18 U.S.C. § 924(e)**

Prior to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), a prior conviction could constitute a "violent felony" if it fit into one of three clauses contained in § 924(e)(2)(B): the elements clause, the enumerated offenses clause, or the residual clause.[2] *See,*

---

[1] An offender with three prior convictions that constitute "serious drug offense[s]" under 18 U.S.C. § 924(e)(1) must also serve a minimum of fifteen years imprisonment if convicted pursuant to that provision, but this route to conviction is inapplicable here as none of the Defendant's previous qualifying convictions were drug offenses.

[2] That section provides,
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife,

*e.g.*, *James v. United States*, 550 U.S. 192, 192–93 (2007) (acknowledging that the attempted burglary at issue did not qualify as a "violent felony" under the elements clause or enumerated clause, then analyzing whether it fell within the residual clause) *overruled by Johnson*, 576 U.S. 591. In *Johnson*, the Supreme Court invalidated the residual clause of § 924(e)(2)(B)(ii), finding it unconstitutionally vague. 576 U.S. at 602.[3] After *Johnson*, prior convictions only count as predicate offenses under § 924(e) if they comport with either the elements or enumerated offenses clauses. *See id.* at 606. A prior conviction satisfies the enumerated offenses clause if it constitutes "burglary, arson, or extortion, [or] involves [the] use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii). A prior conviction counts towards the three predicate offenses under the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

The Defendant appears to argue that two of his predicate offenses only qualified as violent felonies under the residual clause, and, post *Johnson*, could not have supported his conviction under § 924(e). The Defendant does not specify which two of his prior convictions he believes would have qualified exclusively under the residual clause; the Court, therefore, examines each of his prior offenses.

The Defendant's prior felonies, all committed in violation of Indiana state law, are as follows: robbery; aggravated battery; unlawful possession of a firearm by serious violent felon,

---

or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]
18 U.S.C. § 924(e)(B).
[3] A prior conviction counted under the residual clause if it "involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

5

battery, and criminal recklessness; and unlawful possession of a firearm by serious violent felon and domestic battery. None of these is burglary, arson, extortion, or involve the use of explosives, and, therefore, none qualify under the enumerated offenses clause; if any of these qualify under the elements clause, however, the Defendant's argument fails.

A court assessing whether a prior conviction is a violent felony must employ the "categorical approach," meaning it must look "only to the fact that the defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under the categorical approach, a court reviews "how the law defines the offense." *Johnson*, 576 U.S. at 596 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

Using the categorical approach, the Court finds each of the Defendant's prior convictions has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In 1992, the Defendant was convicted of robbery under Indiana Code § 35-42-5-1 (1986), which made it a felony for a person to knowingly or intentionally take property from another by using or threatening force or by putting any person in fear. While discussing the same version of the Indiana robbery statute in the context of defining a "crime of violence" under the elements clause of United States Sentencing Guideline § 4B1.2(a), the Seventh Circuit held "robbery *always* is a 'crime of violence.'" *United States v. Lewis*, 405 F.3d 511, 515 (7th Cir. 2005); *see also United States v. Duncan*, 833 F.3d 751, 755 (7th Cir. 2016) ("The relevant holding of *Lewis*—that any conviction under Indiana Code § 35–42–5–1 qualifies as a crime of violence under the elements clause [of U.S.S.G. § 4B1.2(a)] and is thus a violent felony—remains good law."). "The elements clauses of the ACCA definition [of 18 U.S.C. § 924(e)(2)(B)(i)] and the Guideline definition are identical, so they have been interpreted to cover

6

the same scope." *Duncan*, 833 F.3d at 754; *compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* U.S.S.G. § 4B1.2(a)(1). While examining textually identical versions of the Indiana robbery statute, Indiana Code § 35-42-5-1, the Seventh Circuit held that provision also qualifies as a "violent felony" for purposes of 18 U.S.C. § 924(e). *Duncan*, 833 F.3d at 758.

The Defendant's subsequent two convictions also readily qualify as crimes of violence under § 924(e). The aggravated battery conviction from 1998 arose from Indiana Code § 35-42-2-1.5 (1998), which states a person commits that offense if they "knowingly or intentionally inflict[] injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus." In *Douglas v. United States*, 858 F.3d 1069, 1072 (7th Cir. 2017), the Seventh Circuit held "an offense defined as a knowing or intentional act that causes bodily harm comes within the elements clause of . . . § 924(e)(2)(B)(i)." Consequently, because any of the types of harm listed in § 35-42-2-1.5 would have made the Defendant's aggravated battery conviction a crime of violence, it came within the elements clause of § 924(e).

The Defendant's 2002 conviction arose from Indiana's battery statute, Indiana Code § 35-42-2-1 (1998). Indiana's battery statute is a divisible statute, meaning there are multiple alternative ways to prove the crime of battery; the alternatives may not all qualify as crimes of violence under § 924(e). *See United States v. Dismuke*, 593 F.3d 582, 589 (7th Cir. 2010) (describing the violent-felony inquiry for a statute that is "divisible—that is, when it describes multiple offense categories, some of which would be crimes of violence and some of which would not") *abrogated on other grounds as recognized in United States v. Miller*, 721 F.3d 435, 438–39 (7th Cir. 2013). "If not all alternatives would qualify the conviction as a violent felony under ACCA, a court may try to determine which alternative served as the basis of a defendant's conviction." *United States*

*v. Ker Yang*, 799 F.3d 750, 753 (7th Cir. 2015). Under this method, which has been dubbed the "modified categorical approach," the Court may review "a defendant's charging document, plea agreement, or other similar judicial record for the limited purpose of determining which part of the offense the prior conviction was for—but still not to the particular facts underlying the conviction." *United States v. Taylor*, 630 F.3d 629, 633 (7th Cir. 2010) (emphasis omitted). Adopting the lens of the modified categorical approach, the Court refers to the final Presentence Investigation Report ("PSR"). ECF No. 85. The PSR indicates the Defendant's battery conviction was a Class C felony under Indiana Code § 35-42-2-1(a)(3) (1998), which states:

> (a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:
> . . .
> (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon[.]

*See also* PSR, ¶ 41, ECF No. 85. Here too, whichever part of the statute the Defendant was convicted of violating is inconsequential; an offense resulting in a serious bodily injury is clearly a crime of violence, as is an intentional and rude, insolent, or angry touching by means of a deadly weapon. *See Douglas*, 858 F.3d at 1072 (a knowing and intentional act causing bodily harm is a crime of violence); *see also Taylor*, 630 F.3d 629, 635 (a touching with a deadly weapon constitutes a crime of violence). Because all three of the examined convictions qualify as crimes of violence under § 924(e), the Defendant cannot succeed on his argument that his counsel provided ineffective assistance by failing to inform him his prior convictions did not satisfy § 924(e).

Without any generalized reasoning, the Defendant also argues the domestic battery conviction should not have counted as a predicate offense under § 924(e). Even if this argument is meritorious, however, it would not have changed the soundness—or the outcome—of the Court's adjudication of the criminal matter. As reviewed above, the Defendant had three prior qualifying

violent felonies under 18 U.S.C. § 924(e). Even if plea counsel did incorrectly advise the Defendant that the domestic battery conviction was a fourth qualifying conviction under § 924(e), the Defendant suffered no prejudice from such advisement, and, therefore, the Defendant cannot succeed on an ineffective assistance claim on this basis. *Strickland*, 466 U.S. at 687; *Groves*, 755 F.3d at 591 (holding a Court need not consider both *Strickland* prongs if one is dispositive).

**B.**     **1992 Robbery Conviction**

The Defendant raises a separate argument that his plea counsel was ineffective for failing to inform the Defendant that "the Juvenile Adjudication should not [have] counted as a predicate offense in light of 18 U.S.C. § 924(e)(2)(b)." Mot. 5, ECF No. 96. The "juvenile adjudication" to which the Defendant refers is unclear, but the Court infers it is the 1992 conviction for robbery that the Defendant committed at the age of 16. PSR ¶ 33, ECF No. 85. The PSR, however, reflects that this conviction was an adult criminal conviction. *Id.* The draft Presentence Investigation Report [ECF No. 82] mirrors the PSR in this aspect, and the Defendant did not object to the draft Presentence Investigation Report and made no claim that it contained inaccurate information. *See* Addendum to PSR, ECF No. 86. Indiana law at the time permitted 16-year-olds to be waived into adult court for acts that would have constituted felonies if committed by an adult. *See* Ind. Code § 31-6-2-4(c) (1991). It is evident from the PSR that the Defendant was waived into adult court. This argument does not constitute a basis for finding the Defendant's plea counsel provided ineffective assistance.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Rule 11 of the Rules Governing Section

9

2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). The Defendant has not filed a memorandum in support of his motion, nor have the initial allegations contained in his motion stood up to judicial scrutiny. The Court finds that the Defendant has failed to show that reasonable jurists could debate whether his motion presents a viable ground for relief. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 96] and DENIES as moot the Defendant's motion for an extension of time to file a memorandum in support of his § 2255 Motion [ECF No. 103]. Last, the Court DENIES a Certificate of Appealability.

SO ORDERED on February 17, 2023.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT